IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAPNA FOODS, INC.,

Plaintiff,

v.

THE OLIVE OIL FACTORY, LLC,

Defendant.

Civil Action No.
1:23-cv-03749-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant The Olive Oil Factory, LLC's (TOOF) motion to vacate the clerk's entry of default; Plaintiff Sapna Foods, Inc.'s (Sapna) motion for default judgment; and Sapna's motion for leave to file a surreply to TOOF's motion to vacate. Although the Court **GRANTS** Sapna's motion for leave to file its surreply [ECF 16], TOOF's motion to vacate the default is **GRANTED** [ECF 10]. Accordingly, Sapna's motion for default judgment is **DENIED as moot** [ECF 13].

## I.      Background

Sapna initiated this suit for breach of contract on August 22, 2023. It contends that TOOF breached the parties' agreement to purchase 150,000 pounds of Ancho Chili Krisp Blend (Chili Krisp)[1] and owes money as a result.[2] TOOF was

---

[1]     Sapna describes Chili Krisp as a specialty blend of spices. ECF 1, ¶¶ 6–7.

[2]     *See generally* ECF 1.

served with process on August 28,[3] making its response to the Complaint due September 18. Fed. R. Civ. P. 12(a)(1)(A)(i). When TOOF failed to appear, Sapna moved for a clerk's entry of default.[4] The clerk entered the default on September 22.[5] A week later, TOOF moved to set aside the default.[6] On October 10, Plaintiff moved for entry of default judgment.[7]

## II.    Jurisdiction

Sapna alleges that this Court has jurisdiction based on diversity of citizenship.[8] While Sapna (a corporation) is a citizen of Georgia,[9] TOOF's citizenship is unclear from this record. The citizenship of an LLC is determined by the citizenship of each of its members and submembers until the Court is left with only individuals or corporations. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Sapna alleges that TOOF (a limited liability company) is a citizen of California where TOOF's members are citizens.[10] But the Complaint does not identify the members. Whether TOOF's members

---

[3]    ECF 5.

[4]    ECF 7.

[5]    Sept. 22, 2023 D.E.

[6]    ECF 10.

[7]    ECF 13.

[8]    ECF 1, ¶¶ 1–4.

[9]    *Id.* ¶ 1.

[10]    *Id.* ¶ 3.

(or possible submembers) are individuals, corporations, LLCs, or something else is unknown. The Court is therefore unable to assess its jurisdiction. Although the burden of establishing jurisdiction ultimately rests with Sapna, *O'Neal v. Allstate Indem. Ins. Co.*, No. 20-14712, 2021 WL 4852222, at *2 (11th Cir. Oct. 19, 2021) (citing *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017)) (noting that the party seeking to invoke the federal forum "bears the burden of persuasion on jurisdictional issues"), knowledge of TOOF's members and submembers is particularly within TOOF's possession.

**Accordingly, by August 15, 2024, TOOF is ORDERED to identify its members and submembers and the citizenship of each until only individuals or corporations are left**.

### III.   Default[11]

Rule 55 governs default judgments. When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Default judgments are

---

[11] While the Court would normally confirm whether it has subject-matter jurisdiction before considering issues related to a party's default, in this case the result would be the same whether or not there is jurisdiction. If the Court has jurisdiction, TOOF has shown good cause for vacatur. If jurisdiction is lacking, the Court would not have had the authority to enter default in the first place. *See Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 392 (11th Cir. 2018) (citing *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)) ("If there is a deficiency in subject matter jurisdiction, district courts are constitutionally obligated to dismiss the action.").

generally entered by the court. Fed. R. Civ. P. 55(b)(2). But the Eleventh Circuit has a strong policy to decide cases on their merits, rather than by default. *Worldstar Commc'ns Corp. v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003) (indicating that defaults are viewed with "disfavor"); *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations."). And the Court may set aside a default or a default judgment for good cause. Fed. R. Civ. P. 55(c). The standard for setting aside a clerk's entry of default is less rigorous than for vacating a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

> "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." [The Eleventh Circuit] recognize[s] that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989); additional citations omitted).

Here, TOOF asserts that it defaulted because it initially believed its own customer for the Chili Krisp had hired outside counsel to defend it and that it had insurance that would cover the dispute.[12] Once TOOF realized it was in default, it promptly engaged counsel.[13] It has filed a proposed answer along with its motion to open the default,[14] and raised various defenses (including that Sapna first breached the parties' contract, laches, and unclean hands) and asserted counterclaims.[15] In response, Sapna contests the meritoriousness of TOOF's defenses and argues that TOOF willfully failed to respond to the Complaint.[16]

First, the Court does not construe TOOF's delay in responding to Sapna's Complaint to have been willful. As the Eleventh Circuit has noted, "[m]ost failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." *Compania Interamericana*, 88 F.3d at 952. TOOF has not repeatedly failed to follow the Court's orders nor squandered multiple opportunities to respond to Sapna's allegations. *See, e.g., White Cap, L.P. v. Mowers*,

---

[12]   ECF 10-2, ¶¶ 3–5.

[13]   *Id.* ¶ 6

[14]   ECF 10-3.

[15]   *Id.* at 4–5.

[16]   *See, e.g.*, ECF 12, at 2.

Civ. A. No. 1:19-cv-02750-SDG, 2021 WL 3550994, (N.D. Ga. Aug. 11, 2021) (granting default judgment after, among other things, defendants received repeated extensions to answer the complaint and failed to do so). Rather than displaying a "reckless disregard" for these proceedings as Sapna argues,[17] TOOF took steps to obtain a defense through its insurer after suit was filed and moved promptly after the default was entered.[18] While TOOF could have been more diligent after service of the Complaint, its default was not willful.

Second, Sapna will not suffer any prejudice from having to litigate this case on the merits. *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) ("[T]here is no prejudice in requiring a plaintiff to prove his or her case."). TOOF moved to vacate the default within seven days after it was entered (and only eleven days after its response to the Complaint was due). There was no significant delay in TOOF responding once it realized it was in default. Moreover,

---

[17]  *Id.* at 5–6.

[18]  *See, e.g.*, ECF 14-2.

Because TOOF submitted additional information along with its reply in support of its motion to vacate the default (including photographic evidence of the alleged contamination of the Chili Krisp), Sapna seeks leave to file a five-page surreply brief. TOOF did not object. Accordingly, Sapna's motion for leave to file a surreply [ECF 16] is **GRANTED**. The Court notes, however, that it has not considered TOOF's photographic evidence or the substantive merits of the parties' positions.

this case is in its infancy—discovery hasn't even started—and Sapna has not incurred significant time or money because of the default.

Finally, a motion to vacate a default is not the place for the parties to debate the merits of their litigating positions. A meritorious defense is one that "is 'good at law' without reference to the likelihood of success." *Domineck v. One Stop Auto Shop, Inc.*, 302 F.R.D. 695, 699 (N.D. Ga. 2014) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192–93 (6th Cir. 1986)). TOOF, for instance, contends that the Chili Krisp supplied by Sapna was nonconforming.[19] Sapna does not argue that this is an improper defense to a breach of contract claim. Nor could it. *See, e.g.*, O.C.G.A. § 11-2-601 (stating that a buyer may reject or accept nonconforming goods). Instead, Sapna debates whether the Chili Krisp was in fact nonconforming and TOOF's alleged failure to comply with the terms of the contract in rejecting the goods.[20] Those may be reasons why TOOF ultimately cannot succeed on its defense against Sapna's claims. But those issues are clearly disputed and do not supply a basis to decline to vacate the clerk's entry of default.

## IV.    Conclusion

By August 15, 2024, TOOF is **ORDERED** to identify its members and submembers and the citizenship of each until only individuals or corporations are

---

[19]    ECF 10-2, ¶ 8.

[20]    ECF 12, at 3–5.

7

left. Because TOOF has shown good cause to vacate the clerk's entry of default the motion to vacate [ECF 10] is **GRANTED**. The clerk is **INSTRUCTED** to vacate the September 22, 2023 entry of default and to separately file TOOF's answer and counterclaim [ECF 10-3] on the docket. Sapna shall respond to the counterclaim by August 22, 2024.

The parties shall conduct their Rule 26(f) conference by September 5, 2024. The parties shall serve their initial disclosures and submit a Joint Preliminary Report and Discovery Plan by September 23, 2024. Discovery shall commence on September 23, 2024.

Sapna's motion for leave to file its surreply [ECF 16] is **GRANTED**. Sapna's motion for default judgment [ECF 13] is **DENIED as moot**.

**SO ORDERED** this 8th day of August, 2024.

Steven D. Grimberg
United States District Judge